Dear Mayor Clark:
As Mayor of the Lawrason Act municipality of the Village of Baskin, you ask what procedures must be followed to de-annex municipal property.
We direct your attention to the provisions of R.S. 33:176, stating:
 § 176. Procedure to contract boundaries
 To contract the boundaries of a municipality the same procedure shall be followed as outlined above and the same notice must be published and the same right of appeal to the courts is granted as is provided for in the case of the enlargement of the boundaries.
Thus, the procedure to contract boundaries is the same as that set forth for enlargement of boundaries.
R.S. 33:171 authorizes all incorporated municipalities, with the exception of the City of New Orleans, to enlarge or contract their limits and boundaries by an ordinance of the governing body, subject to the limitations and procedures set forth in R.S.33:172.
Under R.S. 33:172(A), an ordinance enlarging the boundaries of a municipality is not valid unless, prior to its adoption, the governing body has received a petition containing the written assent of the following:
 (1) a majority of the registered voters in the area to be annexed;
 (2) a majority in number of the resident property owners in the area to be annexed; and
 (3) the owners of at least twenty-five percent in value of the resident property within such area. *Page 2 
Where there are no registered voters in the area proposed to be included in the municipality's corporate limits, the first requirement set forth above is inapplicable.
Additional prerequisites for the adoption of an ordinance enlarging the boundaries of a municipality are found in R.S.33:172(B). This provision requires that notice of the filing of the petition be given by publication in a newspaper of general circulation in the municipality at least ten days prior to the adoption of the ordinance. Further, anyone desiring to be heard with reference to the proposed ordinance shall be entitled, upon written request, to a hearing before the governing body.
Where at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, the municipality may annex this contiguous area by election, where a majority of the registered voters residing in the area vote in favor of such annexation. R.S. 33:172(C).
R.S. 33:172(D) further provides a municipality may also annex a contiguous area without petition if, prior to the adoption of the ordinance, a special election on the question of annexation is held in the area to be annexed and a majority of those voting in the election shall have voted in favor of the annexation. Any municipality may call such an election after being requested to do so through a petition signed by at least twenty-five percent of the resident property owners residing in the area requesting annexation and by the owners of at least twenty-five percent in value of the resident property within such area.
We attach a copy of R.S. 33:172 for your further review. See Exhibit A.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 3 
Exhibit A
R.S. 33:172 states:
§ 172. Petition to annex territory; valuation of property;notice of filing petition; hearing concerning proposed ordinance;alternative methods
A. (1)(a) No ordinance enlarging the boundaries of a municipality shall be valid unless, prior to the adoption thereof, a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits, all according to the certificates of the parish assessor and parish registrar of voters.
(b) If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply.
(c) If there are no resident property owners, nor registered voters residing, in the area proposed for annexation and the area is vacant land, then the requirement for a majority of the resident property owners and a majority of the registered voters on the petition shall not apply, so long as the petition contains the written assent of each nonresident property owner of each tract, lot, or parcel in the area proposed for annexation. No ordinance annexing vacant property across parish boundaries shall be valid unless it has first been approved by the parish governing authority of the area to be annexed.
(d)(i) With regard to any proposed annexation pursuant to Subparagraph (c), the parish in which the land proposed to be annexed is located shall have standing to contest whether the proposed annexation is reasonable. Such suit shall be filed within the thirty-day period before the ordinance becomes effective.
(ii) Any suit filed pursuant to Item (i) shall be given preferential treatment on the docket and shall be tried summarily, without a jury, and in open court, within thirty days after the filing of the suit.
(iii) The court shall consider the reasonableness of the proposed extension of the corporate limits, which consideration shall include but not be limited to an evaluation of the desires of the owners of the property proposed to be annexed, the anticipated public benefit of the proposed annexation, and the fiscal and financial impact that the extension of the corporate limits of the municipality will have on the municipality, the parish, and the neighboring property owners.
(iv) If the property proposed to be annexed is contiguous to the existing corporate limits, then the parish shall bear the burden of establishing, by a preponderance of the evidence, that the proposed extension is not reasonable. If the property is not contiguous to the existing corporate limits, then the municipality shall bear the burden of establishing, by a preponderance of the evidence, that the proposed extension is reasonable. "Contiguous", as used in this provision, means that at least thirty-two feet of the vacant land proposed to be annexed is adjacent to the corporate limits and expands to a width greater than thirty-two feet within three hundred feet from the corporate limits.
(v) Any interested citizen of the municipality may intervene in any suit filed pursuant to this Subparagraph to contest the proposed extension of the corporate limits pursuant to R.S.33:174.
(vi) The trial judge shall render judgment within five days after the matter is submitted to him. The clerk of the trial court shall immediately notify all parties or their counsel of record by telephone and/or facsimile transmission of the judgment and as provided in Code of Civil Procedure Article 1913.
(vii) Within five days after the rendition of the judgment, an aggrieved party may appeal the judgment by obtaining an order of appeal. The clerk of the trial court shall give notice of the order of appeal to the clerk of the court of appeal and to all the parties or their counsel of record. The trial judge shall fix the return date at a date not later than ten days after rendition of the judgment. The clerk of the trial court shall prepare the record on appeal and transmit it to the clerk of the court of appeal on the return day.
(viii) Immediately upon receipt of the record the clerk of the court of appeal shall notify all parties and the case shall be heard no later than ten days after the record is lodged. The court of appeal shall render judgment not later than five days after the case is argued. The clerk of the court of appeal shall immediately notify all parties or their counsel of record of the judgment by telephone or facsimile transmission and as provided in the Uniform Rules of Louisiana Courts of Appeal.
(ix) An application to the supreme court for a writ of certiorari shall be made within ten days after the court of appeal renders judgment.
(x) No application for a new trial or for a rehearing shall be entertained by any court, but a court may, upon its own motion correct manifest error to which its attention is called.
(xi) A final judgment holding that the extension is reasonable in a suit under this Subparagraph shall be binding in any suit brought under R.S. 33:174.
(xii) If the proposed extension of boundaries is adjudged reasonable, the ordinance shall go into effect ten days after a final judgment is rendered and signed, subject to the provisions of R.S. 33:174. If the proposed extension is *Page 4 
adjudged invalid, the ordinance shall be vacated and the proposed extension shall be denied, and no ordinances proposing practically the same extension shall be introduced for one year thereafter.
(e) If property annexed pursuant to Subparagraph (c) is subject to parish zoning regulations applicable to the property and in force at the time of annexation, then for a period of two years subsequent to annexation, the municipal zoning regulations applicable to the property shall not be less restrictive in uses permitted than the applicable parish zoning regulations at the time the area is annexed, unless the parish governing authority consents, by resolution, to such zoning.
(2) At the request of any municipality contemplating the annexation of a tract of land, the parish assessor shall provide a certified list of the property within the area proposed to be annexed, and the registrar of voters shall provide a certified list of the registered voters residing in the area proposed to be annexed. At the request of any municipality contemplating the annexation of a tract of land, the parish assessor shall provide a certification as to whether a petition for annexation contains the written assent of twenty-five percent in value of the property of the resident property owners, and the registrar of voters shall provide a certification as to whether a petition for annexation contains a written assent of a majority of the registered voters within the area proposed to be annexed.
(3) The valuation of the property within the area proposed to be annexed shall be certified to by the assessor according to the assessment of each owner signing the petition. When there has been a change of ownership since the last assessment of the property, the assessor shall certify the valuation of the present owner in accordance with the last assessment appearing on the rolls against any previous owner. In any case when the property of the present owner has not specifically been assessed, the assessor shall estimate the assessed value of the property for the current year and certify the same as the value of the property. In any case in which multiple property owners are assessed under a single assessment, neither the assessor nor the annexing municipality shall be required to make further inquiry beyond the face of the assessor's records as to the identity of unnamed property owners. Neither the assessor nor the annexing municipality shall be required to count or consider the existence of multiple fractional property interests in determining whether the percentages required in this Subsection have been met.
(4) For all purposes pertaining to municipal annexations, including but not limited to the filing of a suit contesting an annexation pursuant to the procedures established in this Chapter, the certificates of the parish assessor and parish registrar of voters shall be the sole evidence of the written assent of the number of registered voters, number of resident property owners, and value of resident property owners required by this Subsection. The parish assessor, the parish registrar of voters, and the annexing municipality may rely upon the certificates of the parish assessor and the parish registrar of voters, said reliance establishing a rebuttable presumption.
(5) The petition required by this Subsection shall be in writing, but no special form shall be necessary. However, the petition shall provide a description of the general area to be annexed which shall be attached thereto. Multiple petitions may be used to annex different properties so long as the petitions, when considered together, are capable of covering an area which has a contiguous outer boundary in which the above majority and percentage requirements for annexation are met.
(6) Notwithstanding any of the foregoing, the city of New Orleans cannot incorporate any area of Jefferson, Plaquemines, or St. Bernard parishes. In addition, except as provided in this Paragraph, the provisions of this Section shall not otherwise apply to the parish of Jefferson.
B. Notice by publication shall be given once of the filing of the petition in a newspaper published or having general circulation in the municipality. No ordinance enlarging the boundaries of the municipality shall be adopted until ten days after the publication of the notice. Anyone desiring to be heard with reference to the proposed ordinance shall notify the clerk or secretary of the municipality in writing and the governing authorities, before adopting any ordinance, shall grant such hearing.
C. Notwithstanding the provisions of Paragraphs (1) through (5) of Subsection A of this Section, any municipality may annex contiguous areas by election provided at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, and provided further that a majority of the registered voters residing in the area proposed for annexation, and voting in an election held according to the provisions ofR.S. 33:154 through 161 vote in favor of such annexation. No election as provided herein shall be necessary if there are no registered voters residing in the area to be annexed.
D. Notwithstanding the provisions of Paragraphs (1) through (5) of Subsection A of this Section, any municipality may annex contiguous areas without the petitions required by Subsection A, by ordinance, provided prior to the adoption of any such ordinance, the question of the annexation shall be submitted to the qualified voters residing within the area proposed to be annexed in a special election called for that purpose by the municipality, and a majority of those voting at such election shall have voted in favor of the annexation. Any municipality may also call such an election after being requested to do so through a petition signed by at least twenty-five percent of the resident property owners residing in the area requesting annexation and by the owners of at least twenty-five percent in value of the resident property within such area. The valuation of the property shall be determined as set forth in Subsection A of this section. The petition presented to the municipality shall contain an accurate description of the area proposed to be annexed. All elections called under the provisions of this Subsection shall be conducted in the same manner as are other special elections called for bond and tax purposes by municipalities. *Page 5 
E. (1) In addition to all other requirements and restrictions established by law, no municipality which is not wholly within the boundaries of St. Martin Parish shall annex territory in St. Martin Parish without the approval of the governing authority of St. Martin Parish. This Subsection shall apply to any annexation by ordinance adopted by a municipality but which has not taken effect on August 15, 2001.
(2) The provisions of this Subsection shall apply only to the town of Broussard.
(3) Notwithstanding any other provision to the contrary, if as a result of an annexation into a municipality, the sales tax rate on transactions within the annexed area exceeds nine and one-half percent, then the revenue produced by the rate in excess of nine and one-half percent shall be shared equally between the parish, municipalities, and other sales tax districts.
F. (1) Except as provided in Subsections C and D and in R.S.33:172.1 and 172.2, the governing authority of a municipality within a parish, other than a municipality with a population of more than twenty-five thousand persons, may annex vacant land contiguous to its borders only in accordance with the procedure provided in this Subsection. As used in this Subsection, "parish" means any parish operating under a home rule charter with a population between one hundred ninety-one thousand and two hundred thirty thousand based on the most recent federal decennial census. "Parish" shall not include any parish with a consolidated form of government.
(2)(a) The governing authority of a municipality that proposes to annex property pursuant to this Subsection shall adopt a written resolution expressing its intent to annex, which resolution shall include a description of the property to be annexed. A certified copy of the resolution shall be submitted to the parish council within ten days after its adoption.
(b) The parish council shall have forty-five days after the receipt of the resolution to concur with, reject, or take no action regarding the proposed annexation.
(c) The parish council shall notify the municipal governing authority within ten days after the council votes on the proposed annexation.
(d) If within forty-five days after the resolution is submitted to it, the parish council concurs with or takes no action with respect to the proposed annexation, the municipality may proceed with the annexation.
(e)(i) If within forty-five days after the resolution is submitted to it, the parish council rejects the proposed annexation, the rejection shall be submitted to the municipality. In the event the council rejects a proposed annexation pursuant to this Paragraph, an annexation panel shall be formed consisting of the following members:
(aa) The chairman of the parish council or his designee.
(bb) The chairman of the governing authority of the affected municipality or his designee.
(cc) An arbitrator who is selected by and is a member of the American Arbitration Association.
(ii) At the call of the arbitrator and within sixty days after the parish council rejects the proposed annexation, the panel shall hold a public hearing to consider and render a decision on whether to recommend the proposed annexation.
The decision of the panel shall be binding on the parties.
(iii) The cost of the arbitrator shall be borne equally by the parish and the municipality.
(3)(a) Notwithstanding any law to the contrary, a parish council and the governing authority of each municipality within the parish may establish operating agreements to govern annexation procedures and/or other matters related to growth management issues between and among themselves. Each agreement shall be filed in the conveyance records of the clerk of court in and for the parish.
(b) In the event the parish and an individual municipality fail to enter into any agreement authorized by Subparagraph
(a) of this Paragraph by April 1, 2003, the provisions of this Subsection shall thereafter be null and inapplicable to that particular municipality.